FILED
JUN 2 6 2006
U.S. DISTRICT COURT
CLARKSBURG, WV 26301

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COREY RYLAND,

    Petitioner,

v.                                              Civil No. 5:06cv6
                                                       (Judge Stamp)

UNITED STATES OF AMERICA,

    Respondent.

## OPINION/REPORT AND RECOMMENDATION

On January 17, 2006, the petitioner filed a "Habeas Corpus by Way of the All Writs Act Seeking Relief by a Person in Federal Custody." In the petition, the petitioner challenges the validity of a conviction and sentence imposed in the Superior Court of the District of Columbia. This matter is before the undersigned for a preliminary review pursuant to LR PL P 83.09.

### I. Conviction and Sentence

As set forth in the petition, the petitioner was found guilty by a jury in the District of Columbia Superior Court ("D.C. Superior Court") of one count attempted robbery while armed, three counts possession of a firearm during the commission of a crime of violence, one count first degree felony murder while armed, one count first degree premeditated murder while armed, and one count carrying a pistol without a license. On September 29, 2000, petitioner was sentenced to 35 years to life imprisonment. Petitioner appealed his conviction and sentence to the District of Columbia Court of Appeals. Petitioners' appeal was "denied, confirmed [and] remanded for sentencing." Petition at 2. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed a Rule 23-110 motion for post conviction relief in the D.C. Superior Court. That motion was denied on September 15, 2005. Petitioner did not appeal the denial of his Rule 23-110 motion.

## II. Claims of Petition

Petitioner now brings this case pursuant to the All Writs Act and raises the following grounds for relief:

(1) the trial court denied petitioner equal protection of the law and utilized powers not delegated to the court causing a denial of guaranteed rights;

(2) petitioner has been denied privileges and immunities afforded to other citizens and cruelly and unusually punished absent authority to do so;

(3) petitioner has been denied assistance of counsel and the right to gather and present evidence in his favor to defend himself in court; and

(4) petitioner has been unjustly denied all his liberty interests in defiance of the protections enumerated in the Constitution.

## III. Analysis

It is undisputed that for purposes of federal habeas law, convictions in the D.C. Superior Court for offenses under the D.C. Criminal Code, are considered "state" convictions. Garris v. Lindsay, 794 F.2d 722 (D.C. Cir.), cert. denied, 479 U.S. 993 (1986) (citing, inter alia, Swain v. Pressley, 430 U.S. 372 (1977)). Therefore, although petitioner is in federal custody, and purports to raise his claims under the general "All Writs Statute," petitioners' claims are properly construed as claims under 28 U.S.C. § 2254. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to

the judgment of a State court"). However, D.C. Code § 23-110 clearly prohibits a prisoner convicted in the D.C. Superior Court from pursuing federal habeas relief if he has "failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. § 23-110(g).

In Swain v. Pressley, the United States Supreme Court found that D.C. prisoners, unlike other state prisoners, could not utilize § 2254 to challenge the validity of a conviction and sentence without first showing that § 23-110 was inadequate or ineffective. Swain, supra (finding that § 23-110 divests federal courts of jurisdiction over such claims without a showing that the remedy under §23-110 is inadequate or ineffective). Moreover, to gain recourse in a federal judicial forum, a D.C. prisoner cannot simply rely on an unsuccessful attempt to obtain relief under § 23-110 as a basis for federal habeas relief. See Garris v. Lindsay, 794 F.2d at 726; Swain v. Pressley, 430 U.S. 377-378. In other words, § 23-110 is an exclusive remedy that precludes federal habeas review unless found to be inadequate or ineffective. Blair-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).[1]

To show that the remedy under § 23-110 is inadequate or ineffective, the inmate must show that "it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." In re Smith, 285 F.3d 6, 8 (D.C. Cir. 2002) (quoting In re Davenport, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). "It is the inefficacy of the remedy, not a

---

[1] Compare to other state prisoners who can obtain federal habeas review simply by properly exhausting their state court remedies and timely filing a habeas petition. Garris v. Lindsay, 794 F.2d at 726.

personal inability to utilize it, that is determinative . . ." Garris v. Lindsay, 794 F.2d at 727.

Here, petitioner has failed to show that the remedy under § 23-110 was inadequate or ineffective. Instead, petitioner merely asks this Court to examine issues previously denied by the District of Columbia Courts upon direct review or § 23-110 review. Petitioner does not allege that he was denied any opportunity for judicial rectification, only that he disagrees with the District of Columbia's disposition of his case. Such an argument is insufficient to show that his proceedings under § 23-110 were inadequate or ineffective. Moreover, none of petitioners' claims in the instant case rise to the level of a fundamental defect showing that petitioner was convicted of a nonexistent offense. Thus, the Federal Courts are without jurisdiction to hear petitioners' claims.

## IV. **Recommendation**

For the reasons stated in this opinion, it is recommended that the petitioner's Habeas Corpus by Way of the All Writs Act Seeking Relief by a Person in Federal Custody be DENIED and this case be DISMISSED WITH PREJUDICE.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections should also be submitted to the Honorable Frederick P. Stamp, Jr., United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

4

The Clerk is directed to mail a copy of this Opinion/Report and Recommendation to the *pro se* petitioner and any counsel of record.

DATED: June 26, 2006.

/s/ John S. Kaull
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE