IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

COREY RYLAND,

    Petitioner,

v.                                 Civil Action No. 5:06CV6
                                        (STAMP)

UNITED STATES OF AMERICA,

    Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.  Background

On January 17, 2006, petitioner, Corey Ryland ("Ryland"), filed a petition for "Habeas Corpus by Way of the All Writs Act Seeking Relief by a Person in Federal Custody." In the petition, Ryland challenges the validity of a conviction and sentence imposed in the Superior Court of the District of Columbia. The petition was referred to United States Magistrate Judge John S. Kaull for preliminary review pursuant to LR PL P83.09. Following review of the petition, Magistrate Judge Kaull submitted a report and recommendation. Petitioner did not file any objections.

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

to de novo review is waived. See Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982); Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## II. Facts

On March 8, 2000, petitioner was convicted by a jury in the District of Columbia Superior Court of one count attempted robbery while armed, three counts possession of a firearm during the commission of a crime of violence, one count first degree felony murder while armed, one count first degree premeditated murder while armed, and one count carrying a pistol without a license. On September 29, 2000, petitioner was sentenced to 35 years to life imprisonment. Petitioner appealed his conviction and sentence to the District of Columbia Court of Appeals. Petitioner's appeal was "denied, confirmed [and] remanded for sentencing." Petition at 2. Petitioner did not file a petition for writ of certiorari with the United States Supreme Court.

Petitioner filed a Rule 23-110 motion for post conviction relief in the D.C. Superior Court. That motion was denied on September 15, 2005. Petitioner did not appeal the denial.

## III. Discussion

In his motion, petitioner claims that the trial court denied him equal protection of the law, utilized powers not delegated to the court, denied him privileges and immunities afforded to other citizens, violated his constitutionally protected liberty

interests, and subjected him to cruel and unusual punishment. Petitioner also claims that he was denied effective assistance of counsel and the right to gather and present evidence in his favor to defend himself in court.

The magistrate judge found that for purposes of federal habeas law, convictions in the D.C. Superior Court for offenses under the D.C. Criminal Code are considered "state convictions." Thus, the magistrate judge determined that, although petitioner is in federal custody and purports to raise his claims under the general "All Writs Statute," petitioner's claims are properly construed as claims under 28 U.S.C. §2254 for federal habeas relief from a state judgment. See 28 U.S.C. §2254(a)("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court"). As a result, the magistrate judge applied D.C. Code §23-110.

D.C. Code §23-110 prohibits a prisoner convicted in D.C. Superior Court from utilizing §2254 if he has "failed to make a motion for relief under this section" or "the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. St. §23-110; See also Swain v. Pressley, 430 U.S. 372 (1977) (finding that §23-110 divests federal courts of jurisdiction over §2254 claims without a showing that the remedy under §23-110 is inadequate or ineffective). In other words, §23-110 is an exclusive remedy that precludes federal habeas review

3

unless found to be inadequate or ineffective. Blari-Bey v. Quick, 151 F.3d 1036, 1042 (D.C. Cir. 1998).

Following review of the petitioner's claims, the magistrate judge concluded that petitioner failed to show that the remedy under §23-110 was inadequate or ineffective. Petitioner does not allege a denial of opportunity for judicial rectification or a fundamental defect in his conviction. Rather, petitioner merely disagrees with the District of Columbia's disposition of his case. Accordingly, the magistrate judge found that D.C. Code §23-110 applies in this instance to bar the availability of federal habeas relief and prevent the federal courts from taking jurisdiction over petitioner's claims.

Because the parties have not objected to the report and recommendation of the magistrate judge, and because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the ruling of the magistrate judge is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, for the reasons stated above, the petitioner's motion for Habeas Corpus by Way of the All Writs Act Seeking Relief by a Person in Federal Custody is hereby DENIED. It is further ORDERED that this civil action be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Moreover, under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

4

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the petitioner and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED:   September 5, 2006

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE